DRUG Co. OF PUERTO RICO, INC., Plaintiff and Appellee, *v.* NEFTALÍ MIRANDA, Defendant and Appellant.

No. 7255. Argued March 2, 1936.—Decided July 30, 1936.

*Valentín Polanco de Jesús* for appellant. *J. Henri Brown, G. E. González* and *G. Benítez Gautier* for appellee.

Mr. JUSTICE WOLF delivered the opinion of the Court.

■■■ We have no question from the evidence that the court had a right to believe that the plaintiff sold drugs to the defendant and from time to time drew bills of exchange on the latter which he subsequently accepted. At the time of the interposition of the complaint in this case, there were various bills of exchange in existence so accepted by the defendant. Each one of these bills contained an accelerating clause that if any one of them should not be paid at maturity all other bills of exchange, obligations, or accounts debited by the defendant should become due. The first of this series of bills became due and was not paid, and hence the plaintiff brought suit to recover on all of the alleged bills of exchange. There was also an open account amounting to $51.50 with respect to which there was a separate cause of action set forth.

At the trial and in this Court the only semi-serious defense presented by the appellant is more or less to the effect that the plaintiff and defendant had a relation between them which amounted to an open account and that although the defendant accepted certain bills of exchange drawn by the plaintiff, each month when the defendant made certain deposits and bought more goods, new bills of exchange were drawn to represent the true state of the account. The

510

defendant maintained also that the plaintiff began this suit without notice to him or giving him an opportunity to pay.

The District Court of Arecibo found that certain payments had not been credited, deducted them from the whole amount due and rendered judgment for the balance. The evidence fully sustained the judgment. The custom on which the defendant attempted to rely was not obligatory on the plaintiff and the latter could change its mind at any moment. The opposite idea would reduce itself to the absurdity that a man who has obligations due which from time to time are renewed when payments are made might keep the obligation pending indefinitely. No notice was necessary.

The appellant in his brief said that the court treated the case as if it were one on an open account. We do not find this to be true. Even if it were so, it would only respond to the very contention of the appellant himself. If the bills for any reason were not valid as such, the plaintiff would have had a right to sue for the goods sold and delivered or on an open account for money due. The court then might have rendered judgment on this complaint. Bills of exchange, after all, are only the evidence of the existence of a debt.

The case is before us on a motion to dismiss the appeal as frivolous. We agree with the appellee and the appeal should be dismissed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.